RENDERED: MARCH 13, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0831-ME

E.L.B., JR.                                                APPELLANT

v.        APPEAL FROM JEFFERSON CIRCUIT COURT
          HONORABLE A. CHRISTINE WARD, JUDGE
                  ACTION NO. 24-J-502425-001

COMMONWEALTH OF KENTUCKY,
CABINET FOR HEALTH AND
FAMILY SERVICES; A.P.; AND
M.P.B., A MINOR CHILD                                       APPELLEES

AND

NO. 2025-CA-0892-ME

E.L.B., JR.                                                APPELLANT

v.        APPEAL FROM JEFFERSON CIRCUIT COURT
          HONORABLE A. CHRISTINE WARD, JUDGE
                  ACTION NO. 24-J-502425-002

COMMONWEALTH OF KENTUCKY,
CABINET FOR HEALTH AND
FAMILY SERVICES; A.P.; AND
M.P.B., A MINOR CHILD                                       APPELLEES

<u>OPINION AND ORDER</u>
<u>DISMISSING</u>

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; CETRULO AND KAREM, JUDGES.

THOMPSON, CHIEF JUDGE: E.L.B., Jr. ("Father") appeals from an order which returned to his custody his minor child M.P.B. ("Child").[1] The only issue raised on appeal revolves around the constitutionality of Kentucky Revised Statutes (KRS) 620.027. We conclude that the case is moot and this consolidated appeal should be dismissed.

## **FACTS AND PROCEDURAL HISTORY**

Father is the natural father of Child. Child was born on February 24, 2024, and was found to have drugs in her system. Child's mother was an active illegal drug user. Child was experiencing withdrawal symptoms after birth and placed in the Norton Children's Hospital NICU. In May of 2024, the Cabinet for Health and Family Services filed a petition alleging Child's mother neglected her due to her drug usage. Father was not named in the petition. Child was placed in the temporary custody of Child's paternal grandfather and Father agreed to the placement. The status of the case then remained unchanged for some months.

---

[1] This case involves allegations of dependency and neglect against a minor child; therefore, we will not use the names of the parties in order to protect the child's privacy.

On November 24, 2024, Father filed a motion seeking to have Child returned to his custody. On December 2, 2024, the Cabinet and the grandfather moved for the grandfather to be given permanent custody of Child. The Cabinet was concerned that Father needed more time to show his ability to parent Child and care for her medical needs before custody could be returned to him. There was also concern from the Cabinet that Father was allowing Child's mother to have contact with Child in violation of a court order prohibiting such contact.

Father later filed a motion which argued that KRS 620.027 was unconstitutional. KRS 620.027 states:

> The District Court has jurisdiction, concurrent with that of the Circuit Court, to determine matters of child custody and visitation in cases that come before the District Court where the need for a permanent placement and custody order is established as set forth in this chapter. The District Court, in making these determinations, shall utilize the provisions of KRS Chapter 403 relating to child custody and visitation. In any case where the child is actually residing with a grandparent in a stable relationship, the court may recognize the grandparent as having the same standing as a parent for evaluating what custody arrangements are in the best interest of the child.

Father claimed that the last sentence of the statute, which gives a grandparent standing equal to a parent for custody issues, violated his Fourteenth Amendment rights to the care, custody, and control of his child. *See Troxel v. Granville*, 530 U.S. 57, 65-66, 120 S. Ct. 2054, 2059-60, 147 L. Ed. 2d 49 (2000).

A hearing was held, and on May 27, 2025, the court entered an order returning Child to the custody of Father and finding that KRS 620.027 was constitutional. This appeal followed.

## ANALYSIS

During the briefing period of this case, the Cabinet moved to dismiss the appeal as moot because Child was returned to Father's custody and any ruling on the constitutional issue would be advisory only. During a motion panel, this Court denied the motion; however, the Cabinet, in its appellate brief, asked again that we consider dismissing the appeal. "This Court retains authority to review decisions on motion panel that do not finally dispose of the case when the case is considered by a full-judge panel to which it is assigned." *Commonwealth Bank & Tr. Co. v. Young*, 361 S.W.3d 344, 350 (Ky. App. 2012). After reviewing the parties' appellate briefs and the record of the case, we conclude that the appeal should be dismissed as moot.

This Court "has no jurisdiction to decide issues which do not derive from an actual case or controversy." *Commonwealth v. Hughes*, 873 S.W.2d 828, 829 (Ky. 1994) (citations omitted). "The concern underlying this rule as to mootness is ultimately the role of the courts within our system of separated powers, a role that does not extend to the issuance of merely advisory opinions." *Morgan v. Getter*, 441 S.W.3d 94, 99 (Ky. 2014) (citations omitted).

-4-

Here, there is no active case or controversy. Father has custody of Child. Father argues that the grandfather could, sometime down the line, seek custody or visitation of Child and be given standing to do so based on KRS 620.027. This, however, is merely a hypothetical situation. Should the grandfather later seek custody, Father could raise the constitutional issue again at that time. Furthermore, "[c]onsiderations of propriety, as well as long-established practice, demand that we refrain from passing upon the constitutionality of an act of [the legislature] unless obliged to do so in the proper performance of our judicial function[.]" *Commonwealth v. Bredhold*, 599 S.W.3d 409, 414 (Ky. 2020) (internal quotation marks and citations omitted). In the case at hand, there is no case or controversy and it would be erroneous for us to rule on the constitutional issue raised on appeal.

Father also argues that there are exceptions to the mootness doctrine and that they would apply to this case. We acknowledge that there are exceptions to the mootness rule, but we disagree with Father that they apply in this case. There are four exceptions: the collateral consequences exception; the voluntary cessation exception; the exception for issues capable of repetition, yet evading review; and the public interest exception. We will address each in turn.

> Under the collateral consequences exception to the mootness doctrine, some concrete and continuing injury . . . must exist if the suit is to be maintained. For instance, the expiration of a criminal sentence has been

> held not to moot an appeal from the judgment of
> conviction, because there remain consequences of the
> conviction (such as the loss of various civil rights)
> deemed sufficient to keep alive the appellant's personal
> stake in the outcome of the appeal.

*Beshear v. Goodwood Brewing Company, LLC*, 635 S.W.3d 788, 799 (Ky. 2021) (internal quotation marks and citations omitted). The collateral consequences exception does not apply here because there are no current or continuing consequences to the custody order. Father has custody of Child and the grandfather does not. A hypothetical future custody dispute is not sufficient to keep Father's appeal alive.

> Under the voluntary cessation exception to the
> mootness doctrine, an appeal may proceed
> notwithstanding the defendant's voluntary cessation of
> the challenged action, a primary concern being that a
> dismissal in those circumstances leaves the defendant
> free to return to his old ways. This exception also seeks
> to address the concern that parties should not be free to
> manipulate mootness so as to frustrate, after the
> investment of significant judicial resources, the public
> interest in having the legality of their practices settled.

*Id.* (internal quotation marks and citations omitted). In the case at hand, there was no voluntary cessation, Father won his case.

The "capable of repetition, yet evading review" exception "has two elements: (1) the challenged action must be too short in duration to be fully litigated prior to its cessation or expiration, and (2) there must be a reasonable expectation that the same complaining party will be subjected to the same action

-6-

again." *Id.* at 800-01 (internal quotation marks and citation omitted). Here, if the grandfather brings an action seeking custody of Child, Father can challenge the constitutionality of KRS 620.027. The issue can be fully litigated at that time and it will not evade review.

The final exception is the public interest exception. This exception has three elements: "(1) the question presented is of a public nature; (2) there is a need for an authoritative determination for the future guidance of public officers; and (3) there is a likelihood of future recurrence of the question." *Id.* at 801 (citation omitted). "Subject to rare exceptions where great public interest is involved, the court will not decide an abstract question." *Commonwealth by Breckinridge v. Woods*, 342 S.W.2d 534, 535 (Ky. 1961). "We must be vigilant and use our discretion only when a demonstrated need justifies a ruling from this Court. Otherwise, the public interest exception would be so broad as to virtually eliminate the notion of mootness." *Commonwealth v. Collinsworth*, 628 S.W.3d 82, 87 (Ky. 2021) (internal quotation marks and citation omitted).

We decline to apply this exception because the issue in this case does not sufficiently apply to the greater public. This issue would only apply in a case concerning the dependency, neglect, or abuse of a child where the child is placed with a grandparent with whom they have a stable relationship. The grandparent would then have to seek permanent custody of the child. If the statute provided

that a grandparent has the same standing as a parent in all custody or visitation cases, not just dependency, neglect, and abuse cases, then the public interest exception might apply; however, such is not the case. Since the statute is narrowly tailored to a specific set of circumstances, the first element of the public interest exception is not met.

## CONCLUSION

Based on the foregoing, we ORDER that this appeal be, and is hereby, DISMISSED as moot.

ALL CONCUR.

ENTERED: ___03/13/2026___

CHIEF JUDGE, COURT OF APPEALS

BRIEFS FOR APPELLANT:

Zack McKee
Louisville, Kentucky

BRIEF FOR APPELLEE COMMONWEALTH OF KENTUCKY, CABINET FOR HEALTH AND FAMILY SERVICES:

Harold F. Dyche II
London, Kentucky